# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS EDWARD WHITED, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security, <br><br> Defendant. | No. C 13-4039-MWB <br><br> **ORDER REGARDING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on January 9, 2014 (docket no. 15). In the R&R, Judge Strand recommends that I affirm a decision by the Commissioner of Social Security (the Commissioner) denying plaintiff Thomas Whited (Whited) disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* Whited timely filed objections to the R&R (docket no. 16). I adopt the recommendations in the R&R and affirm the Commissioner's decision.

In his R&R, Judge Strand concluded that substantial evidence supports the ALJ's decision to deny Whited benefits. I review this conclusion pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's R&R). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's R&R at any time. *Id.* Usually, if a party files an objection to the magistrate judge's R&R, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

While Whited has filed objections to the R&R, they are incredibly general. In response to Judge Strand's detailed, 24-page R&R, Whited attempts three, conclusory objections:

I. The Report and Recommendation does not give Dr. McKay's opinion adequate weight in reporting that the Claimant would have a problem with heavy lifting and does not adequately address his incontinence.

II. The Report and Recommendation does not give Dr. Upadhay's opinion appropriate weight in considering the Claimant's mental impairments as evidenced by the Psychiatric Questionnaire completed by the doctor and submitted at Ar. 1223-31.

III. That the Report and Recommendation fails to properly apply *Polaski* factor (*Polaski v. Hecklar*, 739 F.2d 1320, 1322 (8th Cir. 1984) in analyzing the case. In fact, the ALJ discredited the Claimant based upon his work history

2

> that demonstrated his substantial activity over the past 10 to 15 years. He uses his work history against him. (Report and Recommendation, p. 22)

(Docket no. 16, at 4). In support of these objections, Whited offers one sentence of argument: "Please refer to Argument in Plaintiff's Brief, pp. 14-23 filed July 26, 2013" (docket no. 16, at 4).

Whited's objections fail to comply with Local Rule 72.1, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file *specific*, written objections to the . . . report and recommendation . . . " (emphasis added). *Accord* Fed. R. Civ. P. 72 (stating that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Whited's objections are anything but specific. In essence, Whited asks that I reverse the Commissioner's decision for the reasons already argued to, and addressed by, Judge Strand. While Whited ostensibly takes issue with three conclusions in the R&R, he raises no specific deficiency in Judge Strand's analysis and offers no argument other than a general reference to 10 pages of his previous brief before Judge Strand. Whited's objections really just reiterate his arguments previously rejected by Judge Strand without offering any new analysis. I am left to guess: Where did Judge Strand err? And what record pages support Whited's objections? Even if I were to extrapolate a more detailed objection based on arguments from Whited's brief, I would simply be duplicating the work Judge Strand has already done, thus defeating the entire purpose of the R&R.

This potential duplication of effort is precisely why Whited's scant objections are akin to making no objection at all. I agree with the Sixth Circuit Court of Appeals's analysis of objections like those offered here:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.[1] The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (internal citations omitted); *accord United States v. Scott*, No. CR07-2004-MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). Similarly, the Eighth Circuit Court of Appeals has noted that a number of circuits hold that a district court need not conduct a *de novo* review of a magistrate's order where the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). It has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this

---

[1] Whited did not object to the entire R&R. But his threadbare objections, which do not confront Judge Strand's analysis, present the same duplication problems addressed by the Sixth Circuit Court of Appeals.

Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (citing *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review." (further citations omitted))). Still, the Eighth Circuit Court of Appeals has suggested that, in cases involving "strikingly brief" records, or those in which a *pro se* litigant objects, district courts should apply *de novo* review more liberally, even in the face of general objections. *See id.* (holding that a *pro se* litigant's objections were "definite enough" to trigger *de novo* review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, Whited is represented by counsel and the record is relatively lengthy, yet Whited offers nothing more than a conclusory objection to Judge Strand's R&R. Under these circumstances, I treat Whited's objection as if he had not objected at all. *See Carter v. Colvin*, No. C 12-4085-MWB, 2013 WL 5970258, at *3 (N.D. Iowa Nov. 8, 2013) (treating similarly conclusory objections as no objection). Thus, I will review Judge Strand's R&R under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*,

470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**THEREFORE,**

Having reviewed Judge Strand's very thorough and well-written findings of fact and conclusions of law in the R&R, I find no clear error and adopt the R&R (docket no. 16). The Commissioner's decision is affirmed. The Clerk shall enter judgment against Whited and in favor of the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 18th day of April, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA